# EXHIBIT B
## PROPOSED AMENDED ANSWER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RICHARD GITTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION 3:07-cv-00546-RLW |
| CARDIAC & THORACIC ) | |
| SURGICAL ASSOCIATES, LTD., ) | |
| ROCKINGHAM MEMORIAL ) | |
| HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## AMENDED ANSWER OF ROCKINGHAM MEMORIAL HOSPITAL TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Rockingham Memorial Hospital ("RMH"), by counsel, hereby files its Amended Answer to Plaintiff's Second Amended Complaint, as follows:

1. Admitted.

2. Upon information and belief, RMH admits the material allegations of paragraph 2.

3. Admitted.

### VENUE

4. Defendant RMH denies this allegation.

### STATEMENT OF FACTS

5. Admitted.

6. Upon information and belief, RMH admits the material allegations of paragraph 6.

7. Admitted.

8. Defendant RMH admits that it was involved in negotiations and discussions with CTSA regarding establishing a cardiac department and a Department of Cardiac Surgery. RMH admits that the contemplated agreement would provide for a cardiac surgeon, employed by CTSA, to provide cardiac services at RMH. Defendant RMH denies the remaining material allegations in this paragraph.

9. Upon information and belief, RMH admits that CTSA was involved in discussions with Plaintiff about him potentially working at RMH in Harrisonburg, Virginia as a cardiac surgeon and as medical director of the department of cardiac surgery at RMH.

10. This allegation is not directed to Defendant RMH and does not require a response. To the extent a response is required, Defendant RMH denies the material allegations contained therein.

11. This allegation is not directed to Defendant RMH and does not require a response. To the extent a response is required, upon information and belief, Defendant RMH denies the material allegations contained therein.

12. RMH denies the material allegations contained in paragraph 12.

13. This allegation is not directed to Defendant RMH and does not require a response. To the extent a response is required, Defendant RMH lacks sufficient information and belief about the material allegations contained in this paragraph and therefore denies.

14. RMH admits a telephone call took place on Thursday, March 29, 2007, but RMH denies the characterization of the phone called contained in paragraph 14.

15. RMH admits that an unsigned letter dated March 28, 2007 was sent to plaintiff, as alleged in paragraph 15, and avers that the document speaks for itself. In further response to the averments contained in this paragraph, RMH admits that it agreed to cover these costs, but avers that it was subject to Cardiac & Thoracic Surgical Associates, Ltd. ("CTSA") actually entering into an employment agreement with plaintiff. RMH otherwise denies the material allegations contained in paragraph 15.

16. RMH denies the allegations contained in paragraph 16.

17. RMH denies the allegations contained in paragraph 17.

18. RMH admits that a letter dated March 30, 2007 was sent to plaintiff, as alleged in paragraph 18, and avers that the document speaks for itself, but the allegations contained in paragraph 18 are otherwise denied.

19. RMH denies the allegations contained in paragraph 19.

### COUNT ONE – BREACH OF CONTRACT

20. In response to paragraph 20, RMH adopts and incorporates by reference paragraphs 1 – 19 above as it fully restated below.

21. RMH denies the allegations contained in paragraph 21.

22. RMH denies that the plaintiff is entitled to recover the damages claimed in the ad damnum paragraphs of the Complaint.

### COUNT TWO – FRAUD, MISREPRESENTATION AND DECEIT

23. In response to paragraph 22, RMH adopts and incorporates by reference paragraphs 1 – 22 above as it fully restated below.

24. In response to paragraph 23, RMH avers that it was in fact honest and truthful in its dealings with plaintiff and avers that it honored any legal duty to this effect, if such a duty existed.

25. In response to paragraph 24, RMH avers that it was in fact honest and truthful in its dealings with plaintiff and avers that it honored any legal duty to this effect, if such a duty existed, but RMH otherwise denies the allegations in paragraph 24.

26. RMH denies the allegations contained in paragraph 25.

27. RMH denies the allegations contained in paragraph 26.

28. RMH denies the allegations contained in paragraph 27.

29. RMH denies that the plaintiff is entitled to recover the damages claimed in the ad damnum paragraphs of the Complaint.

## COUNT THREE – FRAUDULENT SUPPRESSION

30. In response to paragraph 28, RMH adopts and incorporates by reference paragraphs 1 – 29 above as it fully restated below.

31. RMH denies the allegations contained in paragraph 29.

32. RMH denies the allegations contained in paragraph 30.

33. RMH denies the allegations contained in paragraph 31.

34. RMH denies the allegations contained in paragraph 32.

35. RMH denies that the plaintiff is entitled to recover the damages claimed in the ad damnum paragraphs of the Complaint.

## COUNT FOUR – FRAUDULENT INDUCEMENT
## TO ENTER A CONTRACT

36. In response to paragraph 33, RMH adopts and incorporates by reference paragraphs 1 – 35 above as it fully restated below.

37. RMH denies the allegations contained in paragraph 34.

38. RMH denies the allegations contained in paragraph 35.

39. RMH denies that the plaintiff is entitled to recover the damages claimed in the ad damnum paragraphs of the Complaint.

## COUNT FIVE - CONSPIRACY

40. In response to paragraph 36, RMH adopts and incorporates by reference paragraphs 1 – 39 above as it fully restated below.

41. RMH denies the allegations contained in paragraph 37.

42. RMH denies that the plaintiff is entitled to recover the damages claimed in the ad damnum paragraphs of the Complaint.

43. RMH avers that plaintiff has failed to state a claim upon which he can recover.

44. RMH avers that plaintiff's claims are barred by the statute of frauds under Virginia law, Va. Code § 11-2. If Alabama law is deemed to apply, then plaintiff's claims are barred by Alabama's statute of frauds.

45. RMH avers that plaintiff has failed to state his fraud claims with the particularity required under Fed. R. Civ. P. 9.

46. RMH denies that CTSA or RMH entered into an employment agreement or other binding contract with plaintiff.

47. RMH avers that it has not committed any fraud against plaintiff.

48. RMH avers that plaintiff has not reasonably relied on any alleged misrepresentation or suppression.

49. RMH denies the existence and enforceability of any agreement between it and the plaintiff. Nevertheless, to the extent any enforceable agreement is found to exist between RMH and the plaintiff the claims asserted by the plaintiff arising from it must, in accordance with the provisions of the document relied upon by the plaintiff as the agreement of the parties, be arbitrated under provisions of the Federal Arbitration Act.

50. RMH avers that plaintiff's contract claim is barred by the failure of a condition precedent, including but not limited to the fact that there was never a service agreement executed by RMH and CTSA, as required by the alleged employment agreement.

51. RMH avers that it is not subject to the personal jurisdiction of an Alabama court.

52. RMH avers that venue is improper, and that the rule of forum non conveniens is applicable as to this action filed in an Alabama court.

53. RMH denies it is guilty of conduct to which punitive damages could or should be awarded, and denies that plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against RMH.

54. Plaintiff cannot recover punitive damages against RMH because such an award, which is penal in nature, would violate RMH's constitutional rights unless RMH is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

55.     Subjecting RMH to punitive damages, or affirming an award of punitive damages against RMH in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of the applicable State Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) any award of punitive damages against RMH under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award; (c) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (d) the power and authority imposed upon the jury as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (e) there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and defendants' alleged wrongful or culpable conduct; (f) there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State referable to the imposition or allowance of punitive damages; (g) there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages,

7

or amount of compensatory damages; (h) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against RMH; (i) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague; (j) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; and (k) an award of punitive damages would constitute an arbitrary and capricious taking of property of RMH without due process of law.

56. Imposition of punitive damages in this case against RMH would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

57. To award punitive damages against RMH in this case would have a chilling effect upon RMH's constitutional rights to open access to the courts of this State.

58. Plaintiff's claim for punitive damages violates the rights of RMH to due process and equal protection of the law in that the procedure for post-trial review of punitive damages is unconstitutionally vague and inadequate.

59. Plaintiff's Complaint seeks to make RMH liable for punitive damages. RMH adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003); and *Phillip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

60. Some or all of Plaintiff's claims for damages are limited by Va. Code § 8.01 – 38.1, or if such claims are governed by Alabama law, by Ala. Code § 6-11-21.

61. RMH avers that Plaintiff's contract claim is barred by the failure of further conditions precedent in that Plaintiff failed to satisfy the requirements for hospital credentialing in that:

(a) The Plaintiff failed to disclose material information information regarding the imposition of restrictions on Dr. Gitter's participation and/or privileges at a hospital due to summary suspension of privileges and the implementation of probation status;

(b) The Plaintiff submitted his Application for Medical Staff Appointment with knowledge that the application contained false information regarding the imposition by a hospital of summary suspension and probation and that the application omitted material facts regarding the imposition by a hospital of summary suspension and probation;

(c) Upon information and belief, the Plaintiff deliberately back-dated his Application for Medical Staff Appointment to apparently attempt to avoid disclosure of material facts regarding the imposition of summary suspension and probation; and

(d) The Plaintiff failed to amend or supplement the information requested in his Application for Medical Staff Appointment with material disclosures regarding the imposition of summary suspension and probation.

62. While denying the existence of a contract between RMH and Plaintiff, RMH further avers that any contract between RMH and Plaintiff, oral or written, was obtained by Plaintiff thorough fraudulent inducement, in that Plaintiff fraudulently:

9

(a) Withheld material facts from RMH, including the prior impositions of summary suspension and probation on his hospital privileges;

(b) Upon information and belief, back-dated the Application for Medical Staff Appointment so as to avoid disclosure of material facts regarding the imposition of summary suspension and probation on his hospital privileges;

(c) Submitted the Application for Medical Staff Appointment with knowledge that the information contained therein was not correct in that the summary suspension and probation of his hospital privileges was not disclosed; and

(d) Failed to amend or supplement his Application for Medical Staff Appointment to reflect the summary suspension and probation of his hospital privileges.

ROCKINGHAM MEMORIAL HOSPITAL,
By Counsel

_____/s/_____
Marshall H. Ross
Virginia Bar # 29674
Attorney for Rockingham Memorial Hospital
Wharton Aldhizer & Weaver, PLC
100 S. Mason Street, Harrisonburg, VA 22801-7528
(540) 438-5318
Fax (540) 438-5502
mross@wawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2007, I will electronically file the forgoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Anne M. Glenn, Esquire
Goodman, Allen & Filetti PLLC
450 Highwoods Pkwy Suite 200
Glen Allen, VA 23060
aglenn@goodmanallen.com
Attorney for Cardiac & Thoracic
    Surgical Associates, Ltd.

Charles M. Allen, Jr., Esquire
Goodman, Allen & Filetti PLLC
450 Highwoods Pkwy Suite 200
Glen Allen, VA 23060
callen@goodmanallen.com
Attorney for Cardiac & Thoracic
    Surgical Associates, Ltd

Victor L. Hayslip, Esquire
Burr & Forman, LLP
Southtrust Tower, Suite 3100
420 North 20th St.
Birmingham, AL 35203-5206
vhayslip@burr.com
Attorney for Richard Gitter

Jon Howard Patterson, Esquire
Burr & Forman, LLP
Southtrust Tower, Suite 3100
420 North 20th St.
Birmingham, AL 35203-5206
jpatters@burr.com
Attorney for Richard Gitter

       /s/
Marshall H. Ross
Virginia Bar # 29674
Attorney for Rockingham Memorial Hospital
Wharton Aldhizer & Weaver, PLC
100 S. Mason Street, Harrisonburg, VA 22801-7528
(540) 438-5318
Fax (540) 438-5502
mross@wawlaw.com