UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD GITTER,

    Plaintiff,

v.                                                               Civil Action No: 3:07cv546

CARDIAC & THORACIC SURGICAL
ASSOCIATES, LTD., et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on Defendants Cardiac & Thoracic Surgical Associates, Ltd.'s and Rockingham Memorial Hospital's ("Defendants") Joint Motion to Dismiss in Response to the Fourth Circuit Mandate in Reliance upon the Law and Facts Established by the Final Order of the U.S. District Court ("Defendants' Motion to Dismiss"). (Docket No.73.) On December 4, 2009, Plaintiff Richard Gitter ("Gitter") responded. (Docket No. 75). On December 9, 2009, Defendants replied. (Docket No. 76.) On December 17, 2009, the Court heard oral argument. For the reasons discussed below, it is RECOMMENDED that the Court GRANT Defendants' motion.

### I. Procedural Background

On April 5, 2007, Gitter sued CTSA and other fictitious defendants in the Circuit Court of Jefferson County, Alabama. *See* Gitter v. Cardiac & Thoracic Surgical Assocs., Civil Action No. CV200701272 (Ala. Cir. Ct. filed Apr. 5, 2007). Gitter amended his complaint on April 17, 2007, adding RMH as a defendant. *See* 1st Am. Compl. Defendants, both Virginia corporations, removed the case to the United States District Court for the Northern District of Alabama

pursuant to 28 U.S.C. § 1441, 1446, and 1332, on June 1, 2007. (Defs.' Joint Notice of Removal.) (Docket No. 26.)

On July 2, 2007, with leave of the Northern District of Alabama, Gitter amended his complaint for a second time. Gitter's Second Amended Complaint alleges: (1) breach of contract; (2) fraud, misrepresentation, and deceit; (3) fraudulent suppression; (4) fraudulent inducement to enter a contract; and (5) conspiracy. (2d Am. Compl.) (Docket No. 26, Ex. 19.)

Subsequently, Defendants each filed a motion to dismiss or, alternatively, motion to transfer. (Docket No. 26, Ex. D, Exs. 5, 6.) On August 20, 2007, the Northern District of Alabama denied Defendants' motions to dismiss, but granted Defendants' alternative request for transfer to the United States District Court for the Eastern District of Virginia.

The Honorable Richard L. Williams referred the case to the undersigned Magistrate Judge. On April 15, 2008, the Court heard oral argument on Defendants' motions for summary judgment. (Docket No. 53.) On July 15, 2008, the undersigned Magistrate Judge issued a Report and Recommendation recommending that Defendants' motions for summary judgment be granted, and Gitter's Second Amended Complaint dismissed. (Docket No. 54.) The facts underlying Gitter's Second Amended Complaint are fully discussed in the Court's July 15, 2008 Report and Recommendation. (Docket No. 54.) The Court will not repeat the discussion here.

On September 24, 2008, Judge Williams overruled Gitter's objections and adopted the Report and Recommendation of the undersigned Magistrate Judge. (Docket No. 58.) Gitter appealed the breach of contract claim to the United States Court of Appeals for the Fourth Circuit.

On July 21, 2009, the Fourth Circuit affirmed in part, vacated in part, and remanded the case to this Court. The Fourth Circuit found that the District Court erred in its application of the unclean hands doctrine because "Gitter's credentialing application was neither relied upon nor even reviewed by Defendants during their negotiations with Gitter, or at any time prior to their decision to forego consummating Gitter's employment agreement." *Gitter v. Cardiac & Thoracic Surgical Assocs., LTD*, No. 08-2221, 2009 WL 2171273, at *1 (4th Cir. July 21, 2009). Therefore, the Fourth Circuit remanded the case to this Court "for a determination of whether Defendant should be equitably estopped from asserting the Statute of Frauds as a defense to Gitter's breach of contract claim." *Id.* at *2. This is the sole issue before the Court.

## II. Summary Judgment Standard of Review[1]

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole, and the reasonable inferences therefrom, in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Whether an inference is

---

[1] Defendants' jointly filed a motion to dismiss Gitter's claim without specifically addressing the applicable standard of review. However, because "this is a continuation . . . of the Defendants' prior motions for summary judgment for the express purpose of resolving the issue of reasonable reliance" (Pl.'s Mem. of Law in Opp'n to Defs. Cardiac & Thoracic Surgical Assocs., LTD and Rockingham Memorial Hospital's Joint Mot. to Dismiss ("Pl.'s Opp'n"), at 1), Gitter responds as if it were a motion for summary judgment. (*See generally* Pl.'s Opp'n.)

At oral argument, counsel for Defendants urged the Court to treat this as a motion to dismiss because the Court now proceeds on the factual record set forth in the Report and Recommendation and approved by the Fourth Circuit on remand. Counsel for Dr. Gitter argued that the case remains at the summary judgment phase, and thus summary judgment remains the correct standard. The findings of fact and law as determined in the Report and Recommendation now constitute the law of the case. However, the Court will treat this as a motion for summary judgment, reflecting the same procedural posture in which the case went to the Fourth Circuit.

reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). The nonmoving "party is entitled to 'have the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quotation omitted).

Once a party has properly filed evidence supporting its motion, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

### III. Analysis

In its Report and Recommendation, this Court determined that, with respect to the fraud claim, Gitter could not establish reasonable reliance. (Report & Recommendation 41-42.) (Docket No. 54.) Alabama law governed the fraud claim. (*See* Report & Recommendation 40-43.) Gitter did not appeal the Court's finding as to the fraud claim. Instead, Gitter appealed only the Court's findings as to the breach of contract claim, which included an analysis of equitable estoppel, but did not conclusively establish whether Gitter reasonably relied on Defendants' representation. *See Gitter*, 2009 WL 2171273, at *1 (noting that Gitter appealed only the breach of contract claim). Virginia law governed the breach of contract claim. (Report & Recommendation 17.) Therefore, although the Court has previously made findings as to reasonable reliance in the context of the fraud claim, on remand, the Court must make findings as to reasonable reliance pursuant to Virginia law as to the contract claim.

4

In Virginia, "'absent a showing of fraud and deception, . . . a representation, reliance, a change of position, and detriment'" constitute the necessary elements of equitable estoppel. *Barry v. Donnelly*, 781 F.2d 1040, 1042-43 (4th Cir. 1986) (*quoting T . . . v. T . . .*, 224 S.E.2d 148, 152 (Va. 1976)) (alteration in original). Thus, to prevail under equitable estoppel, Gitter must demonstrate that Defendants made a representation, that he reasonably relied on the representation, that he changed his position, and that he suffered a detriment. *Id.*; *see Gitter*, 2009 WL 2171273, at *2 (noting that Gitter must establish the elements of equitable estoppel "based on his post-March 28, 2007 conduct (that is, whether Gitter reasonably relied on Defendants' March 28, 2007 assurances that the terms of his employment were agreed upon")).

Gitter establishes the first element of equitable estoppel. "[O]n March 28, 2007, Gitter received a letter from [David] Grembi stating: 'We are very pleased that you have accepted employment with [CTSA] to serve as the primary physician and Medical Director for the cardiac surgery program at [RMH] . . . .'" (Report & Recommendation 27.) That same date, Gitter and several people from CTSA and RMH participated in an early morning conference call in which the parties agreed that a complete employment agreement existed, with no further terms to negotiate. (Report & Recommendation 27.) Therefore, on March 28, 2007, CTSA and RMH made a representation that the terms of Gitter's employment had been finalized. This sufficiently satisfies the first element of the doctrine of estoppel.

Gitter fails to establish that his reliance on Defendants' March 28, 2007 representation was reasonable, however. Unreasonable reliance on Defendants' March 28, 2007 representation bars Gitter from asserting equitable estoppel as a defense to the statute of frauds.

"[E]stoppel occurs where 'the aggrieved party *reasonably relied* on the words and conduct of the person to be estopped.'" *Barry*, 781 F.3 at 1042 (*quoting City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 217-18 (4th Cir. 1977)) (emphasis added); *see Nargi v. CaMac Corp.*, 820 F. Supp. 253, 257 (W.D. Va. 1992) ("A person is estopped from denying the consequences of his conduct where that conduct has been such as to induce another to change his position in good faith or *such that a reasonable man would rely upon the representations made.*") (quotation omitted). Reliance and reasonableness "are preeminently factual issues for the trier of fact" because they go to the subjective state of mind of the person asserting equitable estoppel. *Miller v. Premier Corp.*, 608 F.2d 973, 982 (4th Cir. 1979); *see also Tidewater Equip. Co., Inc. v. Reliance Ins. Co.*, 650 F.2d 503, 506 (4th Cir. 1981) ("Whether or not an estoppel arises in any case is ordinarily a question for the trier of fact to determine.") (applying Maryland law). However, reliance may be unreasonable in light of the facts alleged. *See Binhammer v. Reilly*, No. 1907-01-2, 2003 WL 282381, at *4-5 (Va. Ct. App. Feb. 11, 2003); *Schryer v. VBR*, No. 101692, 1991 WL 835295, at *2 (Va. Cir. Ct. Nov. 13, 1991); *cf. Metrocall of Del., Inc. v. Cont'l Cellular Corp.*, 437 S.E. 2d 189, 194-95 (Va. 1993) (finding that "plaintiffs had no legal right to reasonably rely upon the alleged misrepresentations in connection with the compromise and settlement" and holding "that the trial court did not err in refusing to rescind the release for fraud in the inducement").

In *Binhammer v. Reilly*, Binhammer appealed from an order of partition of the marital home, contending, *inter alia*, that the trial court erred in failing to estop her ex-husband, Daniel Reilly, from claiming a higher value for his interest in the family home. *Binhammer*, 2003 WL 282381, at *1. Daniel's father William Reilly had provided the couple with funds for the down

payment on the marital home and claimed the value of the mortgage interest payments as a deduction on his tax returns. *Id.* After Binhammer and Daniel's separation, William passed away, leaving his interest in the home to Daniel. *Id.* at *2. Binhammer initiated suit against Daniel, seeking enforcement of the property settlement agreement she and Daniel had entered at the time of their separation, which purported to address their relative interests in the marital home, but did so inaccurately, stating that William had no financial claim against the home. *Id.* The Virginia Court of Appeals held that Binhammer had "failed to prove the elements of estoppel by clear and unequivocal evidence." *Id.* at *4. The court determined that "[i]t is inconceivable that Binhammer would rely on the assumption that her father-in-law possessed no ownership or financial interest in the marital home when the evidence clearly and overwhelmingly indicates the contrary." *Id.* at *5. The court found that, in light of the facts alleged, Binhammer's reliance on an assumption that William had no interest in the home was "per se unreasonable under the facts of this case." *Id.*

Similarly, in *Schryer v. VBR*, the Fairfax County Circuit Court considered whether the plaintiff's second amended motion for judgment withstood demurrer when the plaintiff alleged that he had relied to his detriment upon oral assurances made to him by agents of his employer that his term of employment would be for five years and that he could be terminated only for a reduction in force. *Schryer*, 1991 WL 835295, at *2. The written employment agreement failed to specify the duration of Schryer's employment. *Id.* at *1. The court determined that a section of the employment agreement "clearly put[] the plaintiff on notice that he could not rely on any representations or statements concerning the terms or conditions of his employment which were not contained in the written agreement." *Id.* at *2. Therefore, the court held that where "the

7

terms of the contract were equally known to all parties[] . . . plaintiff's reliance on any representations made by the employer's agents was unreasonable." *Id.* The court noted that "[t]he party claiming reliance must be ignorant of the true state of facts, and the means of acquiring the facts must be unavailable to him." *Id.*

As in *Binhammer* and *Schryer*, any reliance by Gitter on the representations of Defendants was unreasonable in light of the other facts at bar, for the same reasons the Court found applicable to the fraud claim. As to the fraud claim, this Court determined that Gitter could not "reasonably have believed that the parties had an agreement knowing that he had made material misrepresentations or omissions on a Credentialing Application that Defendants had not yet reviewed, where such misrepresentations or omissions would give Defendants cause to terminate negotiations and/or any agreement." (Report & Recommendation 41-42.) "Simply put, even viewing the record most favorably for Gitter, Gitter knew on March 28, 2007, that he had submitted an improper Credentialing Application, and he cannot claim reasonable reliance." (Report & Recommendation 42.)

The same holds true as to the Court's equitable estoppel analysis for this contract claim. Although the Court decided the fraud claim pursuant to Alabama law, Alabama law and Virginia law make no distinction in their characterizations of the issue of reliance in a fraud or equitable estoppel claim: both require *reasonable* reliance. *Compare Withers v. Mobile Gas Serv. Corp.*, 567 So.2d 253, 255 (Ala. 1990) (stating that a plaintiff cannot close "'his eyes to avoid the discovery of the truth'") (citation omitted) *with Binhammer*, 2003 WL 282381, at *5 (finding it "inconceivable" that plaintiff relied on her assumption despite all evidence to the contrary); *and Barry*, 781 F.3 at 1042 (stating that a plaintiff must have reasonably relied on the representations

of the defendant). The Fourth Circuit left undisturbed this Court's finding that Gitter knew on March 28, 2007 that he had submitted a credentialing application with material omissions, and that therefore, any reliance on Defendants' representation after March 28, 2007 was unreasonable. (Report & Recommendation 41-42.) Gitter cannot now claim ignorance of the true state of facts. *See Schryer*, 1991 WL 835295, at *2. Thus, as with the fraud claim, Gitter cannot establish reasonable reliance, and he does not merit the benefit of equitable estoppel.[2]

The Court therefore RECOMMENDS that the Defendants' Motion to Dismiss be GRANTED (Docket No. 73), and that Count One of the Second Amended Complaint be DISMISSED.

---

[2] Counsel for Gitter raised what amounts to a due process argument to suggest Gitter's reliance on Defendants' representation was reasonable. Counsel argued that Gitter reasonably relied on Defendants' representation because the credentialing application indicated that, if there were any issues with Gitter's responses, the hospital would contact Gitter and permit him to correct any mistaken responses on the credentialing application. Because Gitter had not received word from the hospital that any of his submissions required corrections, counsel argued, it was reasonable for Gitter to rely on Defendants' representation that the terms of his employment were finalized.

This argument does not persuade. First, Gitter confronts a procedural bar: the record contains no evidence that suggests Gitter relied upon the statement in the credentialing application that the hospital would permit him to correct any incorrect or problematic answers. With the exception of the Court's application of the unclean hands doctrine, the findings of this Court as set forth in the Report and Recommendation are now the law of the case. Nor did Gitter submit evidence in response to Defendants' motion to support this allegation, as Rule 56(e)(2) requires him to do. *See* Fed. R. Civ. P. 56(e)(2). ("[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."). Second, even drawing all inferences in Gitter's favor, it is not clear to this Court that this procedural mechanism could cure the materiality of Gitter's inaccurate responses.

## IV. Conclusion

For the foregoing reasons, the Court RECOMMENDS that the Defendants' Motion to Dismiss be GRANTED (Docket No. 73), and that Count One of the Second Amended Complaint be DISMISSED.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections to the Report and Recommendation in a timely manner may result in the entry of an Order dismissing the Complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to send a copy of the Report and Recommendation to all counsel of record and to the Honorable Richard L. Williams.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 12-22-09