IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD GITTER,

                Plaintiff

v.

CARDIAC & THORACIC SURGICAL
ASSOCIATES, LTD.,
and
ROCKINGHAM MEMORIAL HOSPITAL,

                Defendants.

Civil Action Number 3:07CV546

## **FINAL ORDER**

Following a decision by the United States Court of Appeals for the Fourth Circuit on July 21, 2009 and a remand that took effect on August 12, 2009, this matter was referred, by Order entered on September 1, 2009, to United States Magistrate Judge M. Hannah Lauck for all purposes, including, but not limited to, further proceedings consistent with the decision of the United States Court of Appeals for the Fourth Circuit.[1] According to the Fourth Circuit, the sole issue on remand was "a determination of whether Defendants should be equitably estopped from asserting the Statute of Frauds as a defense to Gitter's breach of contract claim." *Gitter v. Cardiac & Thoracic Surgical Assocs. Ltd.*, No. 08-2221, 2009 WL2171271, at *1 (4th Cir. July 21, 2009). After the matter was referred to the Magistrate Judge in September 2009, the Defendants filed a joint motion to dismiss, the Plaintiff filed a response, and the Defendants filed a reply. The Magistrate Judge correctly ruled

---

[1]This matter was originally referred to the Magistrate Judge in December 2007. The original Report and Recommendation was issued on July 15, 2008 ("2008 Report & Recommendation" or "2008 R & R") and was adopted by the Court on September 24, 2008. Thereafter, on October 22, 2008, the Plaintiff filed a notice of appeal, challenging only the dismissal of his breach of contract claim.

that the motion to dismiss should be treated as a motion for summary judgment, reflecting the same procedural posture in which the case went to the Fourth Circuit.

The Report and Recommendation of the Magistrate Judge ("2009 Report and Recommendation" or "2009 R & R") was entered on December 22, 2009. The Plaintiff filed objections, the Defendants filed a response to the Plaintiff's objections, and the Plaintiff filed a reply brief.

The Plaintiff sets forth three objections:

1. The Court erred by deciding the issue of reasonable reliance at the summary judgment stage.
2. The Court failed to properly apply the summary judgment standard.
3. The law of the case doctrine does not resolve the issue of reasonable reliance.

The Plaintiff argues that "[r]easonableness is inherently a question of fact" rendering the "case [] simply unfit for resolution at the summary judgment stage." The Plaintiff also argues that the Court failed to apply the standards required by Federal Rule of Civil Procedure 56 and inappropriately applied the law of the case doctrine.

The Defendants argue that the Plaintiff "adopts an unreasonably broad interpretation of the Fourth Circuit's order of remand" and "attempts to avoid the application of the 'law of the case' doctrine."

The 2009 Report and Recommendation correctly states that the "Fourth Circuit left undisturbed this Court's finding that Gitter knew on March 28, 2007 that he had submitted a credentialing application with material omissions, and that therefore, any reliance on Defendants' representation after March 28, 2007 was unreasonable." (2009 Report & Recommendation 9, citing 2008 Report & Recommendation 41 - 42.) The 2009 R & R also correctly states that "[w]ith the exception of the Court's application of the unclean hands doctrine, the findings of this Court as set

forth in the [2008] Report and Recommendation are now the law of the case." *Id.* at n. 2. In the 2008 Report and Recommendation, this Court determined that with respect to the fraud claim, which was governed by Alabama law, Gitter could not establish reasonable reliance. (2008 Report & Recommendation 41 - 42.) On remand, this Court was required to make "a determination of whether Defendants should be equitably estopped from asserting the Statute of Frauds as a defense to Gitter's breach of contract claim." The breach of contract claim is governed by Virginia law. Accordingly, the findings made in the 2008 R & R with regard to reasonable reliance in the context of the fraud count could not be automatically applied by the Fourth Circuit to the breach of contract count because an analysis of Virginia law was necessary.

As noted in the 2009 R & R, to prevail under equitable estoppel in Virginia, "Gitter must establish the elements of equitable estoppel 'based on his post-March 28, 2007 conduct (that is, whether Gitter reasonably relied on Defendants' March 28, 2007 assurances that the terms of his employment were agreed upon')" (2009 R & R 5) (quoting *Gitter*, 2009 WL 2171273, at *2). However, as the 2009 R & R finds, Gitter fails to establish that his reliance on Defendants' March 28, 2007 representation was reasonable. For the same reasons the Court found applicable as to the fraud claim, "Gitter could not 'reasonably have believed that the parties had an agreement knowing that he had made material misrepresentations or omissions on a Credentialing Application that Defendants had not yet reviewed, where such misrepresentations or omissions would give Defendants cause to terminate negotiations and/or any agreement.'" *Id.* at 8 (quoting 2008 R & R 41 - 42).

The Magistrate Judge properly applied the summary judgment standard. *See id.* at 3 - 4, 8. The record, as well as the law of the case doctrine, correctly establishes Plaintiff's multiple

3

misrepresentations and omissions in his Credentialing Application. (2008 R & R 29 - 31 & 41- 42.) And, as addressed in the 2009 R & R, while reliance and reasonableness are generally factual issues for the trier of fact, "reliance may be unreasonable in light of the facts alleged." *Id.* at 6 - 8 (discussing Virginia cases that found reliance "per se unreasonable" given certain facts) (citations omitted). Other Virginia cases also support this conclusion. *See Watson v. Avon St. Bus. Ctr., Inc.*, 226 Va. 614, 311 S.E.2d 795 (1984); *Meridian Title Ins. Co. v. Lilly Homes, Inc.,* 735 F. Supp. 182 (E.D. Va. 1990); *Datastaff Tech. Group, Inc. v. Centex Constr. Co., Inc.*, 528 F. Supp. 2d 587, 597 (E.D. Va. 2007) (holding that reliance was unreasonable and granting summary judgment). Given Gitter's knowledge that he had made material misrepresentations or omissions in his Credentialing Application that the Defendants had not yet reviewed, where such misrepresentations or omissions would give the Defendants cause to terminate negotiations and/or any agreement, any reliance by Gitter on the representations of the Defendants was unreasonable. Gitter knew he had submitted an improper Credentialing Application, and he cannot claim reasonable reliance. The 2009 R & R correctly applies Virginia law, finds that Gitter cannot establish reasonable reliance, and finds that he is thus barred from asserting equitable estoppel as a defense to the statute of frauds. *Id.* at 5 - 9.

Having reviewed the Report and Recommendation of the Magistrate Judge entered on December 22, 2009, the Plaintiff's objections, the Defendants' responses to the Plaintiff's objections, and the Plaintiff's reply brief, and having considered the record and the 2009 Report and Recommendation and finding no error therein, it is hereby ORDERED that:

(1) The Plaintiff's objections are OVERRULED;

(2) The 2009 Report and Recommendation of the Magistrate Judge (Docket No. 78) is ACCEPTED and ADOPTED on the basis of the reasoning of the Report and Recommendation as the OPINION of the Court;

(3) The Defendants' Motion to Dismiss (Docket No. 73) is GRANTED; and

(4) Count One of the Second Amended Complaint is DISMISSED.

The issues are adequately addressed by the briefs, and oral argument would not materially aid the decisional process.

It is so ORDERED.

Let the Clerk send a copy of this Final Order to all counsel of record.

February 19, 2010  /s/
DATE  RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE